# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ARELIA C. PATTERSON, etc., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0590-WS-M |
| | ) |
| FRESENIUS KIDNEY CARE USA | ) |
| MIDTOWN, etc., et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This recently removed case is before the Court on its *sua sponte* review of its subject matter jurisdiction.  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Removal was accomplished based on diversity of citizenship.  The complaint, (Doc. 1-1 at 3-10), alleges that, four months ago, the elderly plaintiff was injured during a transfer from her wheelchair to a dialysis chair via a Hoyer lift.  The sling was not completely under the plaintiff's buttock, causing her to slide as she was lifted, and she ended up on the floor.  The plaintiff suffered three fractures to her right leg.  She was admitted to hospital and her leg was placed in a cast for a prolonged period, followed by a long-leg splint.  The plaintiff "experienced and continues to experience severe and significant pain, suffering, discomfort, anxiety, and worry, and she will continue to do so into the future." (*Id*. at 7).  The "quality of [the plaintiff's] life was [and will be] negatively affected by her injuries." (*Id*.).  She has incurred medical bills and other special

damages and is reasonably expected to incur more of the same.  She has experienced mental anguish, inconvenience, and "setbacks in her overall health and well-being."  (*Id*. at 8-9).  The complaint asserts claims for negligence and wantonness and seeks compensatory and punitive damages "exceeding the minimum jurisdiction[al] threshold of" the state court, (*id*. at 9), *i.e.*, $10,000.

Because the plaintiff did not demand a specific sum, the defendant must prove by a preponderance of the evidence that that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  A removing defendant may demonstrate that the amount in controversy is facially apparent from the complaint itself, or it may offer evidence beyond the pleading to meet its burden.  *Id*.

The defendant asserts that "it is clear from the face of the complaint" that the amount in controversy exceeds $75,000, exclusive of interest and costs.  To support this conclusion, the defendant:  lists the complaint's allegations regarding injuries and treatment; stresses the demand for punitive damages; and asserts that the complaint demands some third form of damages that is neither compensatory nor punitive.  (Doc. 1 at 3-4).

The defendant does not explain what about the plaintiff's injuries and treatment makes it readily apparent that more than $75,000 is in controversy.  The plaintiff had three fractures, but she did not require surgery, only a cast.  She was admitted to hospital but, for all that appears, she was released the same day or the next.  The cast was removed and replaced by a splint, and it is unknown how long either the cast or the splint was employed.  The plaintiff had medical bills, but the amount is unspecified, even generally.  The plaintiff's quality of life has suffered, but how or how much is completely unknown.[1]  Even the allegation of "severe"

---

[1] The plaintiff used a wheelchair even before the incident, and it would be speculative to imagine what additional limitations were placed on her activities by her leg fractures.

pain is undercut by the allegation that the pain was merely "significant." (Doc. 1-1 at 7).

The defendant correctly notes that a demand for punitive damages "must be considered." *Holley Equipment Co. v. Credit Alliance Corp*., 821 F.2d 1531, 1535 (11th Cir. 1987). "But there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement …." *Thompson v. Ortensie*, 2017 WL 4772741 at *3 (S.D. Ala. 2017). Without "specific facts … to suggest that [the defendant's] alleged actions were or might have been so egregious or reprehensible to support a substantial punitive damages demand," assigning significant value to such a demand constitutes "unvarnished conjecture." *Id*. The defendant points to no such facts, and the complaint is devoid of them.

The defendant argues that the complaint's demand for an award "which will adequately reflect the enormity of the Defendants' negligent, reckless, and wanton conduct," (Doc. 1-1 at 10), implicates some third form of damages in addition to compensatory and punitive damages. "[E]normity of the offense," however, is a consideration in evaluating the reasonableness of a punitive damages award, *e.g., ConAgra, Inc. v. Turner*, 776 So. 2d 792, 796-97 (Ala. 2000), not the basis for some non-compensatory, non-punitive form of damages. In any event, the complaint includes no allegations that could support a non-speculative conclusion that the wrong was so enormous as to support a significant award of non-compensatory damages, whether punitive or otherwise.

In *Williams v. Best Buy Co*., 269 F.3d 1316 (11th Cir. 2001), the Court ruled that, where the complaint alleged that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and would continue to suffer these damages in the future, and where it demanded both compensatory and punitive damages, "it is not facially apparent from [the] complaint that the amount in controversy exceeds $75,000." *Id*. at 1318, 1320.

The defendant has neither acknowledged *Williams* nor explained how the amount in controversy can be facially apparent here when it was not in *Williams*.

While the defendant relies on the "facially apparent" test, it also offers three state court jury awards of over $75,000 in cases involving falls from wheelchairs. (Doc. 1 at 4).  As the Court recently wrote, the Eleventh Circuit has evinced a "pronounced skepticism of results in other cases as a means of satisfying a removing defendant's burden of showing that the amount in controversy exceeds the jurisdictional amount."  *Blount v. Coe Manufacturing Co*., 2020 WL 1866190 at *3 (S.D. Ala. 2020).  Sister courts within this Circuit have routinely concluded likewise.  *Id*. at *3 n.5.  "At least some of the reasons for this judicial skepticism are readily apparent.  First, many factors influence the award of damages, and these factors are ordinarily heavily fact-intensive and thus not reliable indicators of results in other cases …."  *Id*. at *3 (internal quotes omitted).  The defendant offers no information regarding the three state cases other than the amount of the verdict, the body part injured, and an unenlightening statement regarding each fall ("from his wheelchair," "while attempting to stand," and "from her wheelchair … while being transported home in a medical van from her dialysis treatment").  It is patently impossible from this minimal treatment to form any non-speculative conclusion that the cases involved conduct no more culpable, and damages no more extensive, than are alleged in this case.

The defendant seeks no opportunity to supplement its notice of removal with evidence or argument regarding the amount in controversy.  Accordingly, because the defendant has failed to show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, this action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 23rd day of December, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE